UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDWARD P. GASKELL, III, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-6367** |
| **UNITED STATES OF AMERICA** | **SECTION "K"(2)** |

### ORDER AND OPINION

Before the Court is a Motion to Dismiss for Lack of Jurisdiction filed on behalf of defendant the United States of America (Rec. Doc. 21). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, DENIES the motion to the extent that it seeks to dismiss the plaintiffs' claim under the Federal Tort Claims Act, 28 U.S.C. §1346(b), §2671, *et seq*. ("FTCA").

BACKGROUND

This motion is the United States' second Motion to Dismiss for Lack of Jurisdiction; therefore, the background giving rise to this litigation is set forth in the Court's previous Order and Opinion (Rec. Doc. 15) which is incorporated by reference herein. The Court construes this second motion to dismiss as a motion to reconsider its previous Order and Opinion, which denied the government's motion to the extent that it sought to dismiss plaintiffs' claim under the FTCA. The United States appropriately notes that the Court may dismiss a case for lack of jurisdiction *ex proprio motu*. Although the United States is correct that the Court may do so, the Court finds such a course inappropriate under the circumstances.

LEGAL STANDARD

"The party asserting subject matter jurisdiction in response to a Rule 12(b)(1) motion to dismiss bears the burden of proof." 356 Fed. Appx. 673, 674, 2009 WL 3833767 (C.A.5 (Tex.)) citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Where as here, the defendant mounts a "facial" attack on the plaintiff's complaint under Rule 12(b)(1), the district court is "required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

TIMELINESS OF MOTION

The Court rendered its previous Order and Opinion on September 21, 2010. The United States filed its second Motion to Dismiss for Lack of Jurisdiction on December 6, 2010 (Rec. Doc. 21). The Court construes the instant motion as a motion to reconsider with the government trying to have a "second bite at the apple" with its filing. As stated in *Ambrose v. Ocean Shipholdings, Inc.*, 2003 WL 21991656 (E.D.La.)

> Although the 'Motion to Reconsider' is found nowhere in the Federal Rules of Civil Procedure, it has become one of the more popular indoor courthouse sports at the district court level. Such pleadings are becoming an intricate part of motion practice by which the losing party to a motion obtains a second bite at the apple-a chance to reargue and sometimes submit additional argument and authority in support of his lost motion. State of Louisiana v. Sprint Communications Co., 899 F.Supp. 282, 284 (M.D.La 1995). The Fifth Circuit typically interprets motions to reconsider dispositive pretrial orders as analogous to Rule 60(b) motions for relief from judgment or Rule 59(e) motions to alter or amend the judgment, depending on whether the motion is filed within ten days of the order's issuance. *See e.g., Lavespere v. Niagra Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir. 1990). A motion filed within ten days of the order's issuance is construed as a Rule 59(e) motion. *Id.* A motion filed beyond this ten day window is considered a Rule 60 motion.

Since this motion was not filed within the time constraints set forth in Rule 59, the standards set forth in Rule 60 will apply.

2

> Rule 60 states in part:
>
> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.
>
> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party . . . .

It is the position of the United States that the Court erred in retaining jurisdiction of the claim for the damages to the improvements to the property. It argues that those damages are part of the takings claims and therefore this Court does not have jurisdiction. This position could have been properly urged by the filing of a timely Rule 59 motion. However, since the motion is untimely it must meet the standards set forth in Rule 60(b). The government has not satisfied the requirements of Rule 60(b); therefore, the motion is not timely. Moreover, as stated, the Court will not dismiss this case for lack of jurisdiction *ex proprio motu* as it is not apparent to the Court, at this time, that it should do so.

## ANALYSIS

The United States has cited cases which, in essence, hold that the damage to the improvements is tantamount to a taking. The government contends that this issue should be adjudicated by the Court of Federal Claims as it is not a tort. The United States urges that it is well established that where the United States has taken temporary occupancy of private property, the damage or destruction of buildings, improvements, and fixtures is a consequence of the taking and part of the taking and is not a tort, citing *United States v. General Motors Corporation*, 323 U.S. 373, 383 (1945); *See also*, *Kimble Laundry Co. v. United States,* 338 U.S. 1, 7 (1949), citing

3

*Gawzner v. Lebenbaum*, 180 F. 2d 610, 612 (9th Cir. 1950).

Plaintiffs state that the complaint alleges there are two entities that were damaged by the acts of the United States: Edward P. Gaskell, III ("Gaskell") and the West End Tennis and Fitness Club ("West End"). It further appears that Gaskell is still the lessee; however, Gaskell and West End claim that the improvements that were damaged are owned by West End, which is not the lessee of the subject property. The United States disputes this contention based upon the language of the lease to Gaskell. Moreover, Plaintiffs contend that the taking is not temporary; therefore, the cases cited by the United States are not applicable. The United States, of course, disputes this contention.

Furthermore, regardless of whether the taking is temporary, if West End is not the lessee, it may have no right to a takings claim. It is arguable under those circumstances West End may have a tort claim against the United States. The rights of West End, if any, are not manifestly clear to the Court at this time.

For these reasons, it is the Court's opinion that some discovery must take place to clarify the facts and circumstances surrounding these activities at which time the matter could be more clearly presented to the Court in a Motion for Summary Judgment.

Accordingly, the second Motion to Dismiss for Lack of Jurisdiction (Doc. 21) filed by the United States is **DENIED**.

New Orleans, Louisiana, this 31st day of March, 2011.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE